FILED
2021 APR 5 PM 1:01
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JESSICA M. V.,<br><br>                Plaintiff,<br><br>vs.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. 2:20-cv-00305<br><br><br>MEMORANDUM DECISION<br>& ORDER<br><br><br>Magistrate Judge Dustin B. Pead |

### I.   BACKGROUND

Plaintiff Jessica V.[1] ("Plaintiff"), applied for disability benefits under Title II of the Social Security Act (the "Act") on January 19, 2017, alleging a disability onset date of July 15, 2015. (Tr. 173-74.[2]) Plaintiff's claim was initially denied on March 10, 2017 and upon reconsideration on May 15, 2017. (Tr. 99-102; Tr. 105-107.) Plaintiff requested an administrative hearing which was held via video on January 10, 2019, before Administrative Law Judge ("ALJ") Hallie Larsen. (Tr. 47-69.) At the administrative hearing, Plaintiff stated that she had reviewed the issues in her case, the exhibits in her administrative file and had

---

[1] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] Tr. refers to the transcript of the administrative record before the Court.

informed the agency about, or submitted all evidence related to, whether or not she had a disability. (Tr. 50-51; Tr. 129-130.) Thereafter, on February 28, 2019, the ALJ issued a Decision ("Decision") finding Plaintiff not disabled and denying benefits. (Tr. 22-41.)

On May 6, 2019, Plaintiff appealed the Commissioner's Decision to the Social Security Appeals Council and provided the Council with additional, new evidence. (Tr. 20-21.) On March 11, 2020, the Appeals Council denied Plaintiff's appeal. (Tr. 1-6.) With respect to the additional evidence submitted for the first time, the Council stated:

> You submitted a psychological evaluation by Jon Pertab, Ph.D., dated October 22, 2018 (13 pages). We find that you did not have good cause for why you missed informing us about or submitting this evidence earlier. We did not exhibit this evidence.

(Tr. 2.); *see* 20 C.F.R. § 404.970(b) (good cause requirement).[3]

On May 8, 2020, Plaintiff filed this action seeking federal review of the ALJ's February Decision as the final decision of the Commissioner.[4] (ECF No. 2); *See* 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080 (10th Cir. 2007). The Court may neither

---

[3] Unless otherwise noted, all references to the Code of Federal Regulations (C.F.R.) are to the edition in effect at the time of the ALJ's February 2019 Decision.

[4] The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (ECF No. 13.) *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

2

reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin,* 767 F. 3d 951, 954 (10th Cir. 2014).

Substantial evidence review is extremely deferential, and the agency's factual findings are considered to be "conclusive" if they "are supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153, 203 L. Ed. 2d 504, 508 (2019) (quoting 42 U.S.C. § 405(g)). As the Supreme Court recently confirmed, the substantial evidence threshold "is not high" and deference should be given to the presiding ALJ, "who has seen the hearing up close." *Id.* at 1154, 1157. Substantial evidence is "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154. (internal quotation omitted).

### III. REGULATIONS

The Code of Federal Regulations' rules regarding the submission of evidence were revised with changes effective January 17, 2017, and compliance required by May 1, 2017. *See* SSA "Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process" 81 Fed. Reg. 90987 (Dec. 16, 2016). These revisions were designed to promote "national consistency" and to "improve accuracy and efficiency in [the] administrative process." *Id.* The revised rules applied both at the time of Plaintiff's administrative hearing in January 2019 and when Plaintiff requested review by the Appeals Council in February 2019.

The Regulations require a claimant to make every effort to ensure that the ALJ receives all evidence prior to the hearing date. *See* 20 C.F.R. § 404.935(a) ("Each party must make every

effort to ensure that the administrative law judge receives all of the evidence . . . .") Additionally, an ALJ may only accept evidence if the ALJ has not yet issued a Decision and if a claimant's failure to provide the information earlier was a result of one of the identified circumstances. *See* 20 C.F.R. § 404.935(b) (1-3) (identifying circumstances).

If after the ALJ's Decision is issued the claimant then submits additional evidence, the Council will only consider the evidence if: (1) the evidence is new, material, and relates to the period on or before the date of the hearing decision; (2) there is a reasonably probability that the additional evidence would change the outcome of the decision; and (3) there is good cause for not submitting the evidence earlier. 20 C.F.R. § 404.970(a)-(b). If any one of these requirements is not established the Appeals Council must deny review, making the ALJ's Decision the final Decision of the Commissioner for purposes of judicial review. *See* 20 C.F.R. §§ 404.970, 404.981, 422.210(a).[5]

## IV.   DISCUSSION

Plaintiff does not challenge the ALJ's findings as set forth in the February 2019 Decision. Rather, Plaintiff seeks remand for consideration of Dr. Jon Pertab's ("Dr. Pertab") October 22, 2018, psychological evaluation (the "Evaluation") conducted as part of Plaintiff's vocational rehabilitation plan with the Utah Division of Rehabilitation Services. (Tr. 271.) Dr. Pertab's

---

[5] Under the prior Regulations, the Appeals Council was required to consider additional evidence if it was new, material and related to the period adjudicated in the ALJ's Decision. *See* 20 C.F.R. § 404.970(b) (2016). If these criteria were satisfied, the Appeals Council would consider the entire record, including the new evidence, and grant review if it found that the ALJ"s actions were contrary to the weight of the evidence. *See id.; O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

Evaluation was not before the ALJ when she issued her Decision but was provided for the first time on appeal to the Appeals Council. The Council refused to consider the Evaluation based on its conclusion that Plaintiff failed to establish "good cause" for why the evidence was not submitted earlier. (Tr. 2); *See* 20 C.F.R. § 404.970(b).

Thus, the narrow issue on appeal before this Court is whether Plaintiff's claim should be remanded to the ALJ for consideration of Dr. Pertab's Evaluation.

**Plaintiff Fails To Establish Good Cause For Her Late Submission.**

On April 25, 2019, Plaintiff's attorney, Andrew Reichardt, submitted a Statement ("Statement") asking the Appeals Council to remand for consideration of "new and material" evidence. (Tr. 271-274.) The Statement references an attorney-client email exchange as evidence that Plaintiff did not previously mention Dr. Pertab's Evaluation because she believed that she had only "applied for disability for thoracic outlet syndrome and did not understand she could add evidence of other impairments to her claim." (ECF No. 19-2; Tr. 272-73.) Mr. Reichardt further reasons that Plaintiff's "Communication Disorder likely played a role in the misunderstanding." *Id.* The Statement does not cite to a specific regulatory provision but appears to argue that "good cause" exists because Plaintiff "had a physical, mental, educational, or linguistic limitation(s) that prevented [Plaintiff] from information [the agency] about or submitting the evidence earlier." 20 C.F.R. § 404.970(b)(2).

Upon review, Plaintiff fails to provide any persuasive reasoning or support for her claim of mental limitations of the nature and extent required by the Regulations. Indeed, Plaintiff's general assertion that her communication disorder "likely played a role" in her failure to disclose

is insufficient and particularly unpersuasive here where the record shows that Plaintiff was able to work twenty hours a week as a call center service representative (Tr. 55-56, Tr. 59, Tr. 62-63, Tr. 263), attend college classes (both remotely and in-person) and anticipated completing her certification in web programming. (Tr. 53-54.)

In turn, the November 2018 email exchange between Plaintiff and her counsel is also insufficient to establish good cause because it does not excuse Plaintiff from the requirement of submitting evidence to the ALJ. (ECF No. 25-1; Tr. 271-272.) When a claimant submits a request for a hearing before the ALJ, the claimant should also submit all information or evidence that relates to whether or not she is disabled. 20 C.F.R. §§ 404.395, 404.1512. The agency will then send a hearing notice telling the claimant, among other things, "[t]he specific issues to be decided." *See* 20 C.F.R. § 404.938(b)(1). The claimant must make every effort to ensure that the ALJ receives all of the evidence that relates to whether or not she is disabled and must inform the ALJ about, or submit any written evidence prior to, the scheduled hearing. *See* 20 C.F.R. §§ 404.935, 404.1512. Further, the claimant's "representative has an affirmative duty to help obtain information or evidence the claimant must submit." SSR 17-4p, 2017 SSR LEXIS 3 *4; *see also* 20 C.F.R. § 404.1710(a). Claimants and their representatives receive seventy-five (75) days advance notice of a hearing so that they can meet these requirements. *See* 20 C.F.R. § 404.938(a).

Here, the ALJ sent Plaintiff a Notice of Hearing, dated October 31, 2018 (Tr. 129-30.) The Notice explained that during the January 2019 hearing the ALJ would consider whether Plaintiff was able to work due to a physical or mental condition. *Id.* Plaintiff reportedly reviewed

those issues with her counsel. (Tr. 50-51.) And, consistent therewith, Plaintiff submitted evidence to the ALJ in advance of the hearing, including other records from the Utah Division of Rehabilitation Services. (Tr. 265-70.) Under these circumstances, the brief email exchange between Plaintiff and her counsel on November 1, 2018, is insufficient to establish good cause for Plaintiff's late submission of Dr. Pertab's Evaluation conducted in October 2018 as part of her vocational rehabilitation plan with Utah's Division of Rehabilitation Services. (Tr. 271-72.)

A claimant has the burden "to satisfy the good cause requirement before the Administrative Council is required to review a case when a Plaintiff submits new evidence not provided to the ALJ." *Lowe v. Saul*, 2020 U.S. Dist. LEXIS 89851 * 36 (E .D. Cali. May 21, 2020). When a claimant fails to establish good cause, a Court "properly declines to remand the action for further proceedings." *Id.* Here, Plaintiff fails to establish good cause and accordingly her request for remand is denied.

## V. CONCLUSION

For the reasons discussed, the Commissioner's final decision denying Plaintiff's claim for disability benefits is hereby AFFIRMED.

**IT IS SO ORDERED**.

DATED this 5th day of April, 2021.

                                                     DUSTIN B. PEAD
                                                     United States Magistrate Judge